Thank you, Your Honor. Chief Judge Schroeder and may it please the Court, good morning. Michael Rocker for the United States from the Department of Justice. The United States in 03-10439, the appellee in number 04-10069. I would like to begin with the issues pertinent to the government's appeal and would seek to reserve five minutes for rebuttal. Your Honors, the landmark Gun Control Act of 1968 was enacted out of concern for the widespread traffic in firearms and with their general availability to the public at large. The Congressional findings accompanying the legislation reflect Congress's determination that the ease with which these deadly weapons could be obtained contributed significantly to the prevalence of lawlessness and violent crime in this country. The statute thus represents a concerted Congressional effort to restrict public access to these weapons by channeling all such commerce in them through federally licensed importers, manufacturers, and dealers. Now, the principle that federal firearms licenses are location-specific is fundamental to the of federal licenses ensures that regulators can adequately track and monitor the flow of these weapons, that they can conduct meaningful inspections and oversight of licensees from a fixed, defined location, and that they can otherwise control the dissemination of these weapons to persons whose possession would otherwise be contrary to the public interest. And licensees who disregard this well-established and industry-accepted principle by engaging in away-from-premises sales pose a direct and substantial threat to the success of this regulatory program. Yes, Your Honor. Section A says it's unlawful for anyone except a licensed dealer. Section B says it's unlawful for a licensed dealer. Correct. So why don't we talk about having to be a licensed dealer and not a licensed dealer at the same time, at the same time? I'm glad I'm... I appreciate the question, Your Honor. And the government's position is that you cannot be convicted of both the A1A offense and the B3 offense. I realize that may seem like a contradiction, and I'd like to just take a moment to explain where the government's present position comes from. At the time this case was charged and indicted, the government believed that it was appropriate to charge an individual such as Mr. Ogles with both being a licensed dealer and with exceeding the scope of his license. Significantly, at the time this case was prosecuted in the district court, there was never any objection to the supposed tension or inconsistency that was ultimately later identified by Judge Reimer, I think most directly in her dissenting opinion. And the case proceeded. Of course, the case was then argued on appeal, and as I've alluded to, Judge Reimer pointed out that it would indeed be odd to say that an individual, as Judge Reinhart has just suggested, can be both licensed and unlicensed with regard to the same transactions at the same time. I again just want to emphasize in the in-bank petition, this was never raised as an issue. But nevertheless, in preparation for the oral argument here today, the government has re-evaluated its position. We have re-read the panel decision, we have reconsidered it in light of Judge Reimer's dissent, and we do believe that there is merit to her position that to the extent the government was charging theories here that would require a conclusion of licensed and unlicensed, that cannot be correct. Now what we contend, the next question then becomes, what's the proper characterization? Is he licensed? I'm sorry, Your Honor, I didn't hear. I'm not aware of what else the court has heard. Look, I apologize. It's better that wisdom, I think, should come late than never come at all. Well, the wisdom is that we are acknowledging that he can be unlicensed, and he cannot be convicted as both a licensed and an unlicensed person with regard to the same transaction at the same time. Okay, that's exactly where I'm going now. So the question then becomes, is it proper to view him as licensed, in which case the B3 charge is the one that's correct, or is it proper to view him as unlicensed, in which case the A1A charge is the proper one? Wasn't he in fact licensed, albeit not in the place involved? And that's exactly the question. He was licensed, but we believe that because he wasn't licensed with regard to the place, he is best understood and most properly understood as having acted in an unlicensed capacity. What we're asking for is for the court to, if you adopt our construction on A1A that he was unlicensed, we would ask for a remand for a new trial. We would be willing to vacate the conviction on the B3 count on the theory that he cannot be both. So the question is, which one is proper? Well, he's never been tried to a verdict on the A1A count. That's why we're... If you think that the A1A count is wrong, shouldn't we reverse that in any event? Well, no, because it's up to the court. If you determine that our position is incorrect and that he is a licensed dealer, then the B3 count should be affirmed. It seems to me, speaking only for myself, obviously, that your argument is taking your point that he can't be both. Yes. Your argument seems factious, that he is, in fact, licensed. He had a piece of paper that was a license, and it was valid for another place, but at that time. That's right. Why would B3 be the correct place to go? I appreciate the question, Your Honor, because we don't think that... It certainly begs the ultimate question. Yes, he had a license, but the question is, what was he licensed to do? What did the piece of paper that he had allow him to do? Well, isn't B3 exactly about that? No. It says that is what carries forward, place of specificness, if that's a word that you were describing earlier. No, I don't think so. Getting back to where Judge Reinhart began, subsection A deals with any person except a licensee. Subsection B deals with licensee. Counsel, there's another scheme, if we're looking at it, that you get out of the definitions section. Correct. If you look at section 21, a lot of people who are not licensed dealers are allowed to go to gun shows and sell guns. And it seems like the easiest way to read these sections about what a licensed dealer can do and what somebody not a licensed dealer can or cannot do is Congress recognizes that an ordinary fellow, you or I, who's not a licensed dealer, can just set up a card table at a gun show and sell our guns. It's only people who have a regular course of trade or business with the principal objective of livelihood and profit. Right. Who do not merely make occasional sales. Right, engage in the business. Who are limited by a licensing requirement. So it seems easiest to read the scheme in A and B as one part of it for the ordinary folks without a license and the other part for people with a license. And for the licensed people, as much as anything else, it looks like it prevents competition so that some giant mail order gun store in Arizona doesn't knock everybody else out of the business. Well, I certainly agree that the A-1 side of things would apply to people who have no license at all and that the B scheme would apply to somebody who's licensed. But the question we still have to ultimately grapple with, which is ultimately a question of congressional intent, is what does it mean to be a licensed dealer? I appreciate. Why wouldn't my reading of the scheme be what it means? That if you have a license somewhere, then you fall into that whole rack of limitations and obligations. On the one hand, you can mail guns from one state to another. On the other hand, you can't go into another state and compete with its licensed dealers. If I understand Your Honor's question, because it's still a question of, I think what we seem to be taking a bit as a given and the point that I'm trying to focus on is he's not acting as a licensee. Yes, he has a license, but that's a license to conduct business in California. And under the congressional scheme, as we understand it, as we interpret the law. Well, I hear you on that, but under the rule of lenity, if the statute lends itself to two readings, you have to grant the defendant the freedom to read it in a way that's more permissive. That's correct, although I agree with that general statement of the law. But in this case, I don't believe you get to lenity because that's only at the end of the process of interpretation. What we have to do is start with traditional tools of interpretation. We have to look at the text. We have to try to discern Congress's intent. He is a licensed dealer. He's a dealer. He makes his living that way, and he has a license. He is a licensed dealer if he's acting in his capacity as a licensee from his premises in California. Counsel, how do we get to go back to the first definition, which is licensed dealer, which is itself a defined term? Correct. That simply says licensed dealer means any dealer who is licensed under the provisions of this chapter. Correct. So how do you read into that pretty open-ended definition the restrictions that you are now trying to come up with? Yes, Your Honor. As I pointed out in my opening briefs of the panel, and the Court can certainly refer back to it, the operative phrase is licensed under the provisions of this chapter. The provisions of this chapter, in turn, include Section 923, which is the licensing provisions. And now you're talking about the terms of the license rather than the fact of the license. Correct. But if you go too far down this path, I'd like to at least put on the table the double-decker problem. In my view, this is not an appealable equivalent, period. In which case, if I'm right, I've got to get to the merits. If you agree with me, what you're about to do is to concede error on the one thing you've got a conviction on and have a non-appealable acquittal on the one in which you say you could have been convicted on. Let me answer the question on appealability, but I also just want to clarify. I'm only conceding the B-3 conviction is invalid if the Court agrees with our legal theory on the merits of A-1A. Wait a minute. That's crazy. Meaning either you think something's right or you think something's wrong. Your Honor. You have your positions how you read the statute. That's right. Well, depending on this, depending on that. I mean, you shouldn't. Well, it does matter, because with all due respect, it matters how you interpret the statute. If you say, if the Court tells the government that License Dealer is License Dealer regardless of where it happens, then there's no question that the conviction on B-3 is proper because he was a License Dealer. Okay. It's a contingent concession, if you will. Well, if Judge Fletcher is correct, you don't get to the merits of the A-1A. You don't get to the merits because you would say it's a non-appealable ruling. You wouldn't get to the merits. That would be fine. In order to accept your interpretation of the statute, we'd probably consider the whole statute. Let me, if I may say, I think there's a three-step process here. The first question is, is the ruling appealable on A-1A, and that's what I'm going to address in a moment. If you conclude that it's not appealable, then we don't get to the merits of the interpretive issue, and the only question on the B-3 conviction, the B-3 conviction is then perfectly valid because you haven't said, you haven't had occasion to reach the merits of what it means to be licensed. And therefore, we would say that the B-3 conviction stands. It's only if you agree with our position on the merits of the A-1A. And if I may, just to address Judge Fletcher's question. Well, with all due respect, I think we can, Your Honor, and let me try to convince you why. The Supreme Court has said that not every ruling in favor of a criminal defendant constitutes an acquittal. It's a specific term of art that is defined to mean a ruling of evidentiary insufficiency. It is a ruling that the government. Is that what it says, or does it say that it is related to guilt or innocence? Well, the classic test that was articulated in Martin Lennon and has been reaffirmed in Smallis and even the Smith case last year says it is a ruling that involves the resolution of the factual elements of the offense, correct or not, in the defendant's favor. Well, first of all, one could certainly look at this as that, i.e. You never showed that he was unlicensed. Therefore, there was evidentiary inefficiency. But secondly, the phrase runs through the case law apparently as equivalent, saying unrelated to guilt and innocence. This was plainly a declaration that he was innocent. With all due respect, I disagree. I don't think this was a declaration of innocence in the factual sense. It was in the sense that he was not guilty of what he was charged with, but not guilty. Yes, but, Your Honors. Of course, it is in the factual sense. We take the facts. It turns out this fact is undisputed. That's right. With all due respect, the only fight is whether, as you would have it, if the fact is undisputed, you can't have a longevity problem. You can only allow that to happen with disputed facts. No, I don't say that. Our position is that it's a question of whether the ruling is unrelated to factual guilt or innocence. And let me quote, if I may, from the Scott case. This is what the Supreme Court said in Scott. Despite Respondent Scott's intentions, an appeal is not barred simply because a ruling in favor of the defendant is based upon facts outside the indictment or because it is granted on the ground that the defendant simply cannot be convicted of the offense charged. That is a statement that we understand to mean, if it's a legal interpretation of what the statute means, that is not a classic acquittal. It's not... But you didn't put on all the proof. That's right. But the district court's ruling... You went out and asked for a man in the street from the government to come in and put on all his proof, and then it was put on all the same proof again. That's double jeopardy. Well, with all due respect, it's only double jeopardy if it constitutes an acquittal. And that's what the critical interpretive question is. And what I've just tried to say is from Scott is that the district court's ruling here that the statute is not location-specific, if you will, that is an illegal interpretation of the statute. It's not a determination... No, it's not a question of attachment. It's a question of jeopardy attached. But the question is whether the proceedings were terminated on the grounds of an acquittal or whether it was terminated on the ground that was not a determination of evidentiary insufficiency. To add to the Scott case... It does, Your Honor, but what I'm suggesting, and perhaps not very clearly so, but let me just say as the panel viewed it and what I'm trying... With all due respect... It... Correct. It used to be before, you know, sometime in the 70s when Derek Wallace came up with the decision, but that was the end of it. I don't disagree... Now, if it's done at that time, after the jury has won the verdict, then it can go up to the deficiency again. That's correct. And I don't... I don't disagree with anything that Your Honor said. What I'm trying to point out, and obviously I feel like I'm not... You know what happened here? When you say these, this specific statute? I don't know. Not that many. Well... Well... Your Honor, let me, if I may... What I'd like to do is just try to address your concern. I don't disagree with your statement and your summary of what the law of double jeopardy is and what the law regarding government appellate rights of acquittals are. But the interpretive question, though, is whether this ruling was an acquittal. The fact that the district court called it an acquittal, the Supreme Court has said time and time again, the district court's own characterization doesn't control. It's substance over form. You have to look beyond the label that was given to it. Let me just go back and trace the cases. The Scott case was a mistrial because of pre-indictment delay, correct? It was a prejudicial issue. It was a dismissal. Right. Because of pre-indictment delay. Correct. Which has nothing to do with the person's innocence or guilt, correct? Yes. Okay. Now let's take a second issue, for example, prosecutorial misconduct. Right. If there were... I would agree. ...29 rules, that also would be similar. It would be there had been no guilt or innocence. Correct. Okay. So you read the Scott decision, where you quote it, and it also says you only get... You have appeal barred... Right. ...where the district court evaluated the government's evidence... Correct. ...and determined that it was legally insufficient. And then, in the context of mistrial or judgment because of... Pre-indictment. ...the prosecutorial pre-indictment delay. Right. Then you go on to smallest. Right. And it says that it's not changing any of the principles. Right. And, in fact, it... But... ...it harkens back and it says, if the court makes a judgment that the evidence is insufficient... Right. ...Scott doesn't overturn that. Right. So that's where we are now, is now we have the judge says, you know what? You are factually and legally innocent on this because of the way I interpret the statute. Right. That falls right in smallest, doesn't it? It doesn't for two reasons. First of all, the judge didn't say anything about factual or legal innocence here. That's the first point that I want to make. But the second point is smallest is distinguishable for this reason. What the judge said in smallest is, I find that the state, the Commonwealth of Pennsylvania, failed to present sufficient evidence that the defendants committed the arson in question. That is a classic acquittal. There's no doubt. And why is that exactly what happened here? Because... Obviously, whenever you apply a statute to a set of facts, you have to interpret the statute. Right. In this instance, there was some disagreement about what the statute meant, and he resolved that. But once he resolved it, what he did was apply that statute to the facts that came in. And that's... And he says, I find that the defendant is a licensed dealer under the statute, and, therefore, and then it jumps to the judgment of acquittal is appropriate. Right. And he says why it's not appropriate on count one. That's basically matching up the law and the facts, isn't it? I understand that, but that's not the test. Matching up the law and the facts is not the test. The test is evidentiary insufficiency, as Your Honor pointed out. Smallest, if you look at the ruling in smallest, if you look at the ruling in Smith, if you look at the ruling in Martin Linnan, all those cases are quintessential acquittals because the judge is making a determination, government, you had your bite at the apple. You presented the best case you could, but you failed to present adequate evidence. In this case... This is... Let me just add something. Yes. It isn't exactly true that the license was not disputed. You did introduce evidence with regard to the license, right? And until you did that... Right. ...the defendant could not have made this motion, right? With respect, I disagree. He could have... All the facts that were necessary to support this motion were alleged in the indictment. This could have easily been the subject of a pretrial motion to dismiss under Rule 12. The facts were that Mr. Ogles had a license, that he was based in California... That's right, but he didn't do that. ...and that he served in Arizona. He went to trial. The trial began. Well, that's... There was evidence introduced. There was evidence introduced that was inconsistent with his construction of the statute and what the judge ultimately bought as the construction of the statute. So, therefore, what the judge was doing was looking at the facts introduced, i.e., that he did have a license, which was before him at that juncture... Right. ...as evidence. It was evidence. Right. And he applied the statute as he understood it to the evidence. We just have a different interpretation of what the judge did here. I don't believe that what... Also, why is this different from the Rumsey case in the sense that that was a bench trial on a death penalty case? Right. The principle there seemed to be that even though the acquittal, that is, the non-death penalty sentence... Right. ...was based on an erroneous interpretation of law... Right. ...the double jeopardy is still attached. And why isn't that the analogy that fits here? That is, we're assuming... Right. ...for the sake of this, it's an erroneous interpretation of law... Right. ...but it's very similar to that as well as to some others. I'll tell you. Here's why I think it's different. The Supreme Court's cases, as we understand them, and I think they distill down to the following two principles with regard to the acquittal issue. If the judge renders an erroneous legal ruling and that legal ruling contributes to an acquittal, the government is barred from appealing. But if the judge issues an erroneous legal ruling that contributes to something other than an acquittal, such as a dismissal of the indictment, the government is not barred. Let me just say there's two points. I don't know if that really stands up. As I understood it, before Scott came down... Yes. ...the defendant had something of an option where the indictment alleged something that was not a crime. He could move to dismiss the indictment, and if he won, the indictment would be dismissed... Right. ...but the government might prosecute him again... Right. ...with a new information or indictment or claim. Right. Or he could wait until the jury was sworn, and once the jury was sworn, no matter how he got rid of it, legally, actually, whatever, double jeopardy, barred re-prosecution. Right. Then Scott muddied it up. Right. I find it hard, actually, to understand exactly how to apply Scott in any real case, including Scott. But then Smith v. Massachusetts seems to go back to the old way. Right. And it doesn't even explain what it's doing with Scott. I think that Scott is distinguishable, again, for the reasons, and just for the record, the paragraph that I was quoting from Scott before is at 437 U.S., straddling pages 96 and 97, where it says that it's not an acquittal simply because of a conclusion that the defendant can't be convicted of the offense. But putting that to one side, if I can just go back to Judge Graber's question, which I think will address your question as well, Judge Kleinfeld, let's take the following hypothetical, which I hope will illustrate the point. Let's assume a federal statute makes it a crime to knowingly possess marijuana. And let's say that at the end of the government's case in chief, the district court says, I find that the word knowingly requires proof of willfulness or specific intent, a very high mens rea. I find the government failed to present adequate evidence of that, and therefore I'm entering a judgment of acquittal. In that circumstance, even though the district court's acquittal, which is a genuine acquittal, it's a ruling of evidentiary insufficiency, even though it's based on a faulty legal premise, i.e., that knowingly requires specific intent, let's take that as a given, that is still an acquittal. And what the Supreme Court has said is the erroneous ruling of law may affect the accuracy of the acquittal, but it doesn't affect the ultimate character of that ruling as an acquittal. Now let's take a different situation, same statute, at the close of the government's case, the district court says, you know what, I find that the defendant did possess marijuana, but I conclude as a matter of statutory interpretation that possession of marijuana is not a crime. That is not an acquittal. That is a legal determination about what conduct the statute encompasses. It's not a determination that we failed to produce sufficient evidence. It's a ruling of law unrelated to factual guilt or innocence, and that's what I think Scott is driving at. Scott is saying that there's an outer limit here. We're not just going to say that everything that is called an acquittal is truly an acquittal. Let me ask you, let's say a motion is passed. Yes. A motion for judgment and acquittal is made, and then the trial court is in a trance. Yes. The trial court is in a trance. Right. I think the court still has an obligation to look at substance over form, and I think Let me ask you this. Can I just I want to ask you this. Yes. Yes. She didn't, Your Honor, but I think there's a very Well, whether she was or wasn't Well, I don't know, Your Honor. I don't know if she was or wasn't, but I can tell you this. If she knew, wasn't it her duty to say, Your Honor, it's just a record. This ruling is based on this fact. I don't know if it was her duty, but let me just say, if you look at the transcript of the discussion of the Rule 29 motion, I think it was clear beyond a shadow of any doubt that this was a legal ruling, and let me just explain, if I may, why. I'm sorry, Chief Judge Schroeder, you looked like you had a question. I just want to make sure I understand your position that, in Farron's position, that you agree that he could be convicted of one of these counts but not both. It's one but not both, and we believe the proper one is A1A. It's not B3. We believe that it's proper to view him as unlicensed for purposes of the transactions in question because he was not authorized to engage in the conduct he did in Arizona. But then you're telling us that if we find that there isn't an appeal available here, we should leave the conviction on B3, which you think is improper, stand. It's only improper. It's from our perspective of whether it's improper. The court has to decide what's proper and what's not. But if we decide that we would look at B3 and we would say, You know, the government's right about B3. It's not, and they're right about the other section, but that one's over within this case. Well, I don't know that you would get to that second half of that. You wouldn't get to the question of the government's wrong about the other one because if it's not appealable, you don't get there. Look, let me say this. If the consequence is that we lose both convictions, I don't agree with all due respect. I don't agree that it's improper. It's only improper if you agree with our look. The court has to determine what the statute means. And wherever the chips fall, where they do, we accept that. Okay, the correct thing here, the proper thing for the court to do, we think the most important thing to do, is to interpret the statute in a way that's faithful to what Congress intended. Let me just ask you one more question. Yes, Your Honor. I think we should hear from you. Is it the Department of Justice's position on merit that a person is licensed as a gun dealer in my home state of Arizona? Yes. And goes to a gun show in New York. Yes. And sells a gun that he has violated the statute that pertains to unlicensed dealers? Only if the evidence has shown that he was engaged in the business. If it's a single sale, but assuming all the other elements of the crime are met, yes. An Arizona licensee who travels anywhere, the only exception is under 923J. He can sell at a gun show located in the same state in which he is authorized to do business. But he cannot cross state lines and engage in the actual transfer or sale. What if he sells and he's licensed in Phoenix and he sells in Tucson? No, that's okay. Within the state, unless there are state restrictions. Unless there's no premises specific. Oh, no. It's state specific. I apologize. I misunderstood your question. If he's licensed at, you know, Smith Street in Phoenix and he sells in Tucson, he is still violating his license. He's away from his premises. No question. And he's not a dealer. For purposes of criminal liability, that's right. He would only be subject to. So anywhere he sells outside of the store. Correct. He's not a dealer. The only exception is an in-state gun show. If he's licensed in Phoenix and he goes to a gun show in Tucson, he's okay. Leaving aside gun shows. Okay. Leaving aside gun shows, then I stand by. He's not a licensed dealer anytime he's selling outside of his store. Correct. Your premises. Can I ask one last question? Yes. 923, one of your arguments in the, was that 923J becomes surplusage. Right. But it's still a condition of, it's still a condition of his license. Can't he lose his license if he doesn't abide by it? Aren't there sanctions other than criminal? Well, great, but they're not mutually exclusive. I mean, just because he might be subject to. But that's not surplusage. Well, it is surplusage because we're talking about how you interpret that provision in a way that gives effect to the meaning of the criminal provisions. Well, it doesn't have to give meaning to criminal provisions. It can just give meaning to a licensing provision. It's not in the licensing provision. It's not in the criminal provision. Well, I don't agree, but let me also say just that you still have to deal with the question of the other provisions of 923, even if you don't buy the 923J point. I was just trying to make sure it was true that his license could be affected by whether he did this or not. Well, it may subject him to revocation, but I don't think that should necessarily preclude criminal liability. If the Court has no further questions, I'll save the balance. Yes, Your Honor. Just to be clear, we have to decide that on the government's appeal we have no jurisdiction. Yes. In that case, we would not be addressing the licensed or unlicensed issue. I wouldn't see any occasion to because our appeal wouldn't present the issue and the defendant's appeal doesn't present the issue. Therefore, on the defendant's appeal, do we accept your representation then that you interpret the statute as the licensed-unlicensed distinction that you started with? Certainly. You can accept that that is our position. We're not shying away from it. That is our position, but it's ultimately — We would then potentially be relieved on both counts under that interpretation. Just I want to make sure. It's — I just want to clarify. We're only — our position depends — it's not our position that matters. It depends what the Court believes. And if the Court believes that the statute — that our interpretation of A1A is correct and you can reach the merits, then, yes, the B3 conviction, we would have no objection to vacating it. If you conclude that — if I may just answer. If you conclude that there's no jurisdiction, you wouldn't reach the merits of the statutory interpretation. You could certainly express in dicta or however the Court chooses to address it. You can note what the government's position is on a going-forward basis, that we don't agree with Caldwell. We think the licenses are location-specific. But I don't think you'd have occasion to address it because our appeal wouldn't be before you, and the defendant's appeal certainly doesn't present the question. Okay. Let me just — one more question. Sure. You said the government's position. I understand. The government's position at trial was what? That he could be — file both statutes? Yes. And that was never objected to. There was no dispute about the tension, if you will, between the A1A theory and the B3 theory. The litigation was over whether he could be prosecuted under A1A because he was licensed or not. It wasn't — you're trying to have it both ways, if you will. So that was the position below. Thank you, Your Honors. Thank you. Thank you. Good morning, Your Honor. Richard Gardner for Mr. Ogles. I'll first address the government's appeal. I think from the questions that have gone on, it's clear that this case is governed by smallest. I mean, this is essentially a demer case, just like smallest was, where the motion was — Rule 29 motion was made at the close of the government's case. But you had made your motion at the front end before the jury was impounded with double jeopardy of lying? Well, I don't — a motion — a Rule 29 motion, I mean, a motion to dismiss — Dismiss the indictment. Your Honor, I don't think we could have made a motion to dismiss the indictment because the count to on its face appears to charge an offense. I'm not sure I agree with the interpretation of the law, but it charged an offense on its face. So that's why we went forward to trial. Well, why do you say that? Because wouldn't a motion to dismiss basically be you charged the offense, but I'm a licensed dealer, therefore there is no offense, you know, judgment on a legal issue prior? Well, Your Honor, it's what you just said, but I'm a licensed dealer. That's a fact. That's not alleged in count two of the indictment. I made a pretrial motion. Count one says that he's a licensed dealer. That's right. So it sounds to me that you could have made a motion to dismiss count two before trial on the grounds that the jury has already charged him with being a licensed dealer and it's impossible for him to also be engaged in the business of dealing without a license. Well, Your Honor, there's the local rule of the rule of criminal procedure. I believe it's rule seven that says that you unless the unless the indictment itself somehow incorporate or ties the counts together that they stand separately and that they have to. That's not the problem. The problem is that it was quite clear from the count what the theory was because it said without a license that is. It's very odd because they're adding something that's not in the statute. That is outside the state in which the licensee's place of business was located. So it seems plain what the theory is, right? Well, it is. But you have to, as was mentioned earlier, you have to bring in to be able to dismiss it on its face. You have to be able to bring in an additional fact that he is licensed. Well, do you agree or just say that it's not a crime to engage in the business of dealing firearms without a license, which is meaning outside the state. That's not a crime. It has to be something. It has to be something other than outside the state. I think that language is really surplusage because it does charge an offense. That is, willfully engage in the business of dealing in firearms without a license, whether it's inside the state or outside the state, that charges an offense. And unless you bring in the additional fact that he was licensed, I don't think count two is dismissible on its face. Standing alone, and I don't think you can bring in count one to, if you will, help you interpret count two. It stands by itself unless the indictment itself somehow makes reference back, which it clearly does not. So I think that count one. But does that matter anyway? The fact that you could have, supposing that you could have brought a motion to dismiss, does that preclude a double jeopardy? Finding if you don't and there is evidence introduced? I don't think it does. I don't think it precludes once jeopardy attaches. I don't think it precludes you making a Rule 29 motion at the close of the government's case, which is what happened here. And the court has already mentioned, of course, Scott is not a case that is similar to this one. It wasn't even a Rule 29 case. It was a motion at mid-trial dismissal of an indictment for a pre-indictment delay. I don't really see why it matters whether it was a Rule 29. The old rule before Scott was the question is whether jeopardy attached. And once the jury was sworn, jeopardy had attached. The new rule under Scott is that double jeopardy bars retrial only if there was a resolution, correct or not, in the defendant's favor of some or all the factual elements of the offense charged. Appeal will be barred only when it is plain that the district court evaluated the government's evidence and determined it was legally insufficient to sustain a conviction. So it didn't matter anymore whether the jury had been sworn. What mattered was the basis for the acquittal. So I don't really see why it matters whether it's Rule 29 or whether it's an after the jury was sworn procedural motion. Okay. I'm not sure, but I understand what the question is. Your distinction that you try to draw is that Scott was a procedural motion and this is Rule 29 motion. But the rationale of Scott is not that. The rationale of Scott is that there was no resolution of factual elements of the offense charged. Right. And I think that that's what happened here. I mean, what the government is really asking in this case is to say, well, because the judge made what the government views as a legal error in interpreting the statute, that therefore Smallis and the rule under Scott don't apply. What does this mean, resolution of factual elements of the offense charged? Does it require that there be some dispute or does it mean simply that you take note of them, whether they're in the indictment or in the evidence? Well, I think the cases where, for example, Martin Linen, which was where this language came from, the case had gone to the jury and the judge, after the case went to the jury, made a determination that looking at all the evidence, both the government's and the defendant's evidence in the light most favorable to the government, the evidence was insufficient to allow any reasonable jury to convict. And so they determined there and the judge then entered an acquittal, and that was an acquittal. I think that's what it means when you've got a case that's gone to the jury, where both sides have put on their evidence. In this kind of case, in this case and in the Smallis case, it's essentially like a demurrer, as the court referred to. You look at the evidence and you say that even if all this evidence is true, the government still hasn't proven its case under the elements of the offense. And what the judge here did is looked at one of the elements of the offense, i.e. that the defendant was not a licensed dealer, and interpreted that language to conclude that that meant not a licensed dealer anywhere in the United States, and therefore concluded that since he was licensed, at least in California, that he wasn't covered by the statute. That sounds like a pure legal question. You're simply deciding whether or not what is essentially here an undisputed fact. It's not an insufficiency of the evidence. It's that you take his status as a dealer and decide that the statute is national. Well, it is an insufficiency of the evidence, Your Honor. If you look at it from the perspective, I think, correctly, that the trial judge looked at it, the government's position was that one of the elements of the offense was that he was not a licensed dealer. The government tried to prove that fact by showing that he wasn't licensed in the state of Arizona. Their evidence was that he was licensed in the state of California, therefore he wasn't licensed in the state of Arizona. So there was a legal sufficiency question, that is whether the evidence was legally sufficient to show that he was not licensed in the state of Arizona. The trial court interpreted the statute and said, no, the question is, is he licensed anywhere in the United States? That's what the statute means. Then the judge looked at the evidence and said, looking at the government's evidence, I find it insufficient to show that he was not licensed anywhere in the United States, and then directed an acquittal under Rule 29.  So you just have to look at it essentially from the rights perspective. In my summary judgment, in the civil context at least, one would say it's a pure question of law, because there was no dispute that the question is whether or not licensed dealer means licensed in a particular state or licensed nationally. Right. And even as you've just gone through, that would not be enough to create a material dispute of fact, because it wouldn't make any difference. The question is whether the person was a licensed dealer, as that term is used in the statute. I'm having trouble. I mean, there's lots of confusion in the cases, and it's translated into my own approach, figuring out why this isn't just simply a legal question to decide whether or not licensed dealer applies no matter what they think. Well, it was in part, of course, a legal question. The court had to interpret the statute to figure out whether the evidence was legally sufficient or not. And the court interpreted the statute and said that what would be legally sufficient is to show that he doesn't have a license anywhere in the United States, and then looked at the government's evidence and said, does the government's evidence show that he was not licensed anywhere in the United States? The sufficiency of the evidence issue is always a legal issue, isn't it? I mean, it's a little strange to talk about resolving legal questions on a sufficiency of the evidence, because, as you pointed out earlier, precisely what you're supposed to be doing is not resolving legal issues. You're supposed to be taking the government's evidence in a way most favorable to the government and seeing how it matches up with the indictment. So I'm having a hard time seeing what's different about this. And why, although the cases talk about there's a factual resolution, there really can't be. So I guess what I'm asking you is, is there any difference between that situation and this one? Well, I mean, I think it's important to keep in mind that this was a Rule 29 motion made at the close of the government's case. So the only evidence at that point is whatever the government has put on. And so there can't be any disputed evidence as such at that stage in the proceedings. It's only the government's evidence. And this is like in Smallis at Demer where you look at that evidence and you say, is that evidence legally sufficient for purposes to prove the elements of the offense? And when the cases talk about resolving a factual dispute, that can't be what they mean. Well, I think that that language is maybe appropriate in the context that it was mentioned. That is, in the Martin Lennon case where you had two sets of evidence. You had the government's evidence and you had the defendant's evidence. At the close of all the evidence. At the close of all the evidence. But that isn't the situation here. And that's why I don't think, I don't believe that this is a Scott Martin Lennon kind of case. It's a Smallis case where you have a demurrer. Let me ask you a question. The government submitted a motion. Is it time to have the rule 29 motion that the government has taken and has already submitted its proposed jury instruction? Am I right about that? I think that's correct, Your Honor. You don't know? I believe they had submitted them at that point, yes. And on the second count, what did that instruction say about the elements of the offense? On that count, Your Honor, it said that there were two elements. This is in the supplemental excerpts of records at page two. First, on June 1, 2002, the defendant was willfully engaged in the business of dealing in firearms. And two, or second, the defendant did not have a license as a firearms dealer. That was the jury instruction that they submitted. Was that the definition that was offered? I don't believe so, no. And it was on that second element that the judge basically said the government hadn't met its proof, correct? That's correct. I think the language of these cases is a little confusing. I try to think of a case that's not a firearms case. An illegal reentry case, for example. And a guy comes across the border and the judge says, Well, look, illegal reentry means you've got to come across without surveillance. And based on what the government has presented, I find that as a matter of law he didn't meet that. If that came up on appeal, I don't think anybody would have a problem saying total jeopardy. So I have trouble with the language saying why this isn't exactly the same thing. And maybe your explanation is that the cases, we're trying to mix and match cases where there's been solely the government's evidence and where we're at the close of all evidence. I think that's the problem. And that's why I think that the smallest case is the one that you need to focus on, because that's the only one of the group of Supreme Court cases dealing with this issue that focuses on a Rule 29 motion effectively made at the close of the government's case. Scott isn't that kind of case. Martin Linnan is not that kind of case. Smallest is. And in smallest, it's a very short decision, unanimous decision. Excuse me. Correct. Smallest talks about post-acquittal fact-finding. What would be the post-acquittal fact-finding here if reversal would translate into further proceedings of some sort devoted to the resolution of factual issues going to the elements of the offense charge? What we've granted, if we treated the government's response, what post-acquittal fact-finding is there? Well, there would have to be – I assume they mean by that it would go back for a new trial. The court would have to address – then address the question if the court didn't apply smallest, and then the court would have to address the Caldwell issue and determine the scope of 921A1A – excuse me, 922A1A. And then it would go back for a trial, and that would be – the post-acquittal fact-finding would be a new trial. If this case had gone to judgment and then you had taken an appeal on the same basis – I'm sorry. Would you speak up? Oh. If this case had gone to judgment and then you had taken an appeal on the same basis, would that have led to a double jeopardy problem or not? If it had gone to judgment and he'd been convicted? Yes. And there had been a reversal at that point. And the trial judgment had granted the Rule 29 motion after the defendant's evidence? Right. I think there would be at that point as well – it would also be barred by double jeopardy because there would have been a Rule – there would have been an acquittal granted, assuming that – No, I'm talking about if there were a conviction and you appealed it. If there were a conviction. Because if there were a sufficiency of the evidence appeal at that juncture, then it would be – there would be a double jeopardy bar, but if it were something else, there wouldn't be. So if it were at the end of the trial and there were a conviction and there was an appeal, could there – and you won – could there have been a retrial? Well, that would have been – assuming that the appeal would have been that the evidence was insufficient, I don't think there could have been a retrial at that point because I think there's language, and I believe it's in Scott, that talks about – Well, there is, but is that the way one would conceptualize such an appeal? I think that's what's making us uncomfortable to the degree we are, that one wouldn't think of that as a sufficiency of the evidence appeal exactly. Well, it really is – How would be more likely a challenge to the instruction or a challenge to the indictment or something of that nature? But it really is a sufficiency of the evidence issue. And as I said a few minutes ago, the government's argument is that they proved that he was not a licensed dealer by proving that he was not a licensed dealer in the state of Arizona. And really what the – so it was a sufficiency of the evidence as to whether he was a licensed dealer nationally. That's how the trial court viewed the sufficiency of the evidence question under her interpretation of the statute. And as I said, I think what this – what the government really is arguing here when you get – when you boil it right down is that the trial judge made a wrong interpretation of the statute, but the case law is absolutely clear that no matter how egregiously in error – I think that's the word the court used – the trial judge's interpretation of the statute, it doesn't make any difference. If it was an acquittal, then double jeopardy bars it. This had gone to the jury, though, and the jury convicted on count two. And then the judge said, post-conviction, I conclude – I vacate the jury, grant acquittal, because I've now concluded that the statute doesn't apply. Well, so then it comes up. Doesn't the court say all that the remedy would be if we were to reverse the trial – the conclusion and reinstate the jury verdict of conviction that that isn't double jeopardy? If – If it got – if it got that – to that point and it resulted in a conviction and the judge – that would be – that would not be a Rule 29 motion anymore. That would be a judgment notwithstanding the verdict. I understand. Judgment NOV. And I think the law is clear that in a judgment NOV case, that if you reverse it, then it's not double jeopardy. Well, as far as I understand, almost the judgment acquittal is made. The judge has said, I'll take it under submission. And then the jury convicts, and the judge grants acquittal. Jeopardy does not fail. We can take it up on appeal. I think that's right. That's the judgment NOV situation. And if it's reversed on appeal, you go back for a new trial. But where the judge grants the demurrer, that's a completely different situation. So under this scenario, though, let's say the government is hypothetical about some kind of marijuana prosecution, and you have a judge who hates marijuana prosecution. So everyone that comes in front of her, she says, As far as I'm concerned, this isn't legally marijuana. I quit it. Next case. I quit it. It's not legally marijuana. Thousands of cases. So there's no ability for the government to ever challenge that legal ruling. Is that correct? I think that's right. I mean, the court said if it's egregiously in error, it doesn't matter. It's still an acquittal. The remedy there is probably impeachment. I would suggest that. What do you do with the government's position that the 923B, the one that's wrong? 922B3. 922B3. Well, this is the first I've heard that the government now believes that that may be the wrong statute to have brought the charge under. I think that the resolution here is that the court find that the double jeopardy applies is to count two and take the government at its word is to count one, that that was an incorrect statute to prosecute under and to vacate that. I mean, I think that's a good solution. I have a sentence question, even though it's not a sentencing appeal in any respect. If your client were to stand convicted of one of the two counts but not the other, would that affect his sentence? Or would it be the same? I think it would be the same because he was given probation on the one count he was convicted of. So if it were flipped and he had conviction on the other count, the way the government wants to, just to flip the two, it wouldn't actually matter to his sentence? Your Honor, I don't know the answer to that because one of the things that the government was alleging as part of count two was that he intended to sell something like 95 firearms. And possibly for sentencing purposes, that 95 firearms could be incorporated as looking at the level, what the base level would be added to for number of firearms. I think that potentially could add four or five points, which might put him, might give him a sentence of incarceration. On the other hand, the basis for Judge Jurgensen's ruling with regard to his final sentence was that this was a unique event and it was unlikely to recur. And I can't remember the guideline provision number that was relied on. But that was the basis. My guess is it probably wouldn't change it, but I don't know for sure. What happens if we take the government in its hypothetical construct, sort of if this, then that, then they might change their mind. But none of those grounds is a basis for your appeal to count one. Is there really anything that we can consider in that regard? With regard to count one? Yes. Well, I still, we still have an issue on count one, aside from. But not this issue. But not that issue. That's right. Although I think when the government comes up to the court and says that it basically agrees that that was the incorrect interpretation of the statute or the incorrect application of the statute, I think that that is enough for the court to say, if the government thinks this is the wrong way to go, then I think you can vacate it at that point, even though we haven't necessarily raised that. I mean, wisdom laid is better than wisdom not at all. Could you just track me through the position taken by the government at various stages? Well, at the end. The indictment charged two counts. Correct. That's correct. And at the close of the government's case, we made a motion for directed acquittal. The government's position was, I take it, that he could be convicted of both counts. Essentially, yes. I mean, they opposed the Rule 29 motion and said that he could be convicted. I mean, did the trial judge ask can he be convicted of both counts? No, I don't think those specific words were uttered. But the government argued that against the Rule 29 motion as to both counts, because a motion was made as to both counts, the trial judge granted the motion as to count two and then reserved judgment with regard to count one, and at the end of the defendant's case denied the motion as to the Rule 29 motion as to count one. If that answers your question. Do I have this right that as to count one, either you win on your various evidentiary challenges or it stands, and all we really have to decide if we don't reconsider them is the double jeopardy issue first, and if that's decided in your favor, we're done. If it's decided against you, then we have to decide substantively whether the gun dealer statute establishes a crime in these circumstances. I think that's right. The only thing. You said a minute ago. I was just going to add something. With the caveat, Your Honor, that the government has now conceded, I think that's what they were saying, that count one conviction should be vacated. So I think I would put that into your calculus. They said that their interpretation of the statute was wrong. Right. But they say that's only their opinion, and they don't want to vacate it unless we agree with that opinion, and they say we shouldn't reach the question of agreeing with that opinion. So we can't say we shouldn't vacate it, but they told us they believed that the interpretation of the statute was wrong. Right. Your position you chose a minute ago was that in view of that statement, we should not allow the conviction to stand. That's right, and that's the caveat I would add to. But if you don't do that, if you do let that conviction stand, then with regard to that count, I think then you do have to deal with the evidentiary issues. I think we may be creating confusion for ourselves by sometimes talking about section one of the statute and sometimes talking about count one. And count one is a licensed dealer selling a gun to somebody outside his state. Right. Count one is section 922B, and count two is section 922A. You'd think they would have done it the other way around, but they didn't. But that's right. I think I've gotten a little confused because occasionally some of us or some of you have had slips of the tongue that are inevitable here. Do you have a position about whether the licensed dealer provision applies? In other words, the government is saying that they're mutually recognizing that they're mutually exclusive in choosing one. Right. And your position also is that they're mutually exclusive. Right. And you would choose the other one. Is that essential? I think that's right. I think the Caldwell decision was the correct decision that 922A1A simply says licensed dealer and then defines licensed dealer as someone who's licensed by the federal government and does not incorporate all the The thing that's a little odd about that is that it applies only to a licensed dealer selling to somebody from outside their state, but it doesn't apply to a licensed dealer selling outside the state to somebody from the state in which they're selling. Are you talking about 922A1 or 922B3? 922A1, I believe. The licensed dealer provision. Wow. Licensed dealers mention both provisions. 922A1. It's more odd if you look at it as a gun control statute as opposed to a competition restriction statute. Right. B3 is what I mean. B3 is licensed. Any firearm to any person who the licensee knows does not reside in or does not make a place in the state in which the licensee's place of business is located, so it doesn't cover selling outside the licensee's place of business. That statute just says licensed dealer can't sell to a nonresident. That B3 does not speak to that. That's exactly right. The A1 speaks of engaging in the business without having a license. I mean, that's the mechanism that essentially requires people who are engaged in the business to get a license. I don't think that either of those statutes is location specific. If Congress wanted to make it location specific, it easily could have put in the words at his premises in either one of those statutes, but it didn't. Is it correct, if I wanted to, I'm not a licensed gun dealer, I could go to this gun show and sell a gun, since I make my living as a judge rather than a gun dealer, but a licensed gun dealer from California could not? He could go, as the government conceded, he could go to the gun show, display the guns, take orders, and take money for them. The physical transfer of the gun itself would have to be done through a person who's licensed in the state of Arizona. Charge a fee. Probably. But with regard to, if you were a resident of Arizona. Suppose I'm not a resident. I'm Alaskan. Suppose I give my gun to an Alaskan gun dealer, he ships it down to Arizona, I pick it up at the dealer, pay him his fee, I go to the gun show, I can sell my gun at a card table. No, you cannot, because there's another section under 922A, which prohibits any person from selling to a resident of another state. 922B3 is dealers selling to residents of another state. So I would have to be an Arizonan to sell a gun without a license? That's right. If you're in Alaska, you can sell a gun to a resident of Alaska under the federal law with no problem. But once you start engaging in the business that is doing it for livelihood and profit through the repetitive purchase and resale of firearms. That's where you and I got on different tracks. I was assuming for purposes of the question, it's not a business. Right. Assuming that it's not a business. You have a gun that you've had for 10 or 15 years and just said, I want to sell this at a gun show. You can go to a gun show as long as it's in your state of residence and sell to another resident of your state of residence under 922A. I can't remember which subsection it is, but there's essentially a matching one that matches 922B3. Your Honor, I see my time has actually exceeded. Thank you. Thank you. I'll be very brief. I have a number of points that I want to touch on. Starting with Judge Berzon's comment, I think that gets to the heart of why the A1A versus B3 distinction matters. Because if you say that the government can't resort to A1A in these circumstances, you create a loophole. You get the next Mr. Ogles who goes to Arizona, sells back to a California resident. That's why A1A is, we believe, first of all, it's consistent with what Congress intended, but that's why it matters that you not just say, well, you can use B3, because it doesn't cover the hypothetical Judge Berzon just discussed. And it's perfectly possible that Congress decided not to do that. That's the other possibility. Well, I don't think so. In light of the legislative history, in light of the evil that Congress was targeting here, which was trunk sales and mail drops, I think Congress wanted to tighten the net, not create loopholes. And he goes somewhere else in California and outside of his place in Arizona. Only at an in-state gun show. Pardon? Only at an in-state gun show. It's not a gun show. In other words. Our theory would be that he's away from his premises and it would be illegal. So the loophole really is a loophole. They do prosecute if he goes outside. There may be state restrictions. I don't know what the status of the law is under state law, but as far as federal law. I'm sorry, Your Honor. What was the position of the United States Attorney for the District of Arizona during this trial? The position was that the two charges could coexist. Well, it was that you, the same battery lawyer, tried to panel him. Yes, but this issue was never raised. That's the problem. I mean, the issue only first came up because we were preparing for the argument today, and we re-read, we went back and looked at Judge Reimer's dissent. We took that dissent to heart, and we re-evaluated our position, and we saw that there is merit to what she had to say. But the issue's never been raised or litigated at any time prior. So how far out from the Justice Department is this going? I have discussed this with my supervisors in my section. I'm in the appellate section of the criminal division. We have discussed this internally. We've discussed it with ATF. They are in agreement in terms of what the government's position is, as I've stated it here today. My time has expired. I would like to just make one other point, if I may. Thank you, Your Honor. Just with regard to Judge Fischer's question about whether a pretrial motion would have been appealable with double jeopardy concerns, the answer is yes. Under surface, if this had been pretrial, we could appeal. Another question was asked, what if the verdict was set aside? Could the government appeal? The answer is yes, because it doesn't require further proceedings. The question is, if the district court renders the same ruling in the middle of trial, should we have a different result? Do the cases mandate a different result? And the answer is no, and that's where Scott fills in the gap. And let me just say that if you reach a contrary result, what you do as a policy matter is you create an incentive for defendants to let go of the Rule 12, to do it in the middle of trial, to secure the acquittal. And the problem is that unmoors the double jeopardy clause from its purposes, which is to shield the defendant against the government being oppressive. What you're doing then is you're arming him with a sword that he can use to kind of gain a tactical advantage. I think as a policy matter, that's what Scott is driving at. You're also taking away the district judge's discretion. I'm sorry? You're also taking away the district judge's discretion. No, because I think, as Your Honor pointed out, the judge could certainly reserve ruling and then do it post-verdict, in which case the government could then appeal. Well, that's a different situation. Perhaps. Thank you. Thank you, Your Honors. Thank you. All rise. Thank you. Thank you. Hear ye, hear ye. All those having had business before this honorable court in the United States Court of Appeals for the Ninth Circuit shall now depart, for this court stands adjourned. Thank you. I'm sorry about that. I hope you understand it's not a personal thing. Just as far as you were saying, I know you hadn't heard about this beforehand.
judges: Schroeder, Pregerson, Reinhardt, Kleinfeld, Hawkins, Graber, McKeown, W. Fletcher, Fisher, Gould, Berzon